IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NICHOLAS KENNETH TRAMMELL,       )
                                 )
            Plaintiff,            )
                                 )
      v.                          ) Civ. No. 16-630-GMS
                                 )
JUDGE HENLEY GRAVES,             )
                                 )
            Defendant.            )

## MEMORANDUM

The plaintiff, Nicholas Kenneth Trammell ("Trammell"), an inmate at the James T.

Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1]

(D.I. 3.)  He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (D.I. 5.)  The court proceeds to review and screen the complaint pursuant to

28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## I. BACKGROUND

While not quite clear, Trammell appears to allege that he was wrongly sentenced by the

defendant Judge Henley Graves ("Judge Graves") in violation of the Double Jeopardy Clause.

Trammell alleges that he was already sentenced to probation in another criminal matter.

Trammell alleges that Judge Graves "did not understand his obligation under oath" because

Trammell was already on probation in another court.  He also alleges that, because of the type of

sentence he received, he cannot accumulate good time.  Trammell raises other various and sundry

claims such as discrimination, free speech violations, unlawful imprisonment.  Trammell seeks

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

compensatory and punitive damages and dismissal of all criminal charges. Trammell has filed numerous motions. (*See* D.I. 11-25, 28-38.)

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Trammell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Trammell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679

(quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

Trammell has named a defendant who is immune from suit.  Judge Graves has absolute judicial immunity as a judicial officer in the performance of his duties and he is not be liable for his judicial acts.  *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'".  *Id.* (citations omitted).  The complaint contains no allegations that Judge Graves acted outside the scope of his judicial capacity, or in the absence of his jurisdiction. *Mireles*, 502 U.S. at 11.

Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as Judge Graves is immune from suit.

## IV.  CONCLUSION

The court will:  (1) dismiss as moot all pending motions (D.I.11-25, 28-38.); and (2) dismiss the complaint based upon the defendant's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).  In light of the nature of Trammell's claims, the court finds that amendment would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____, 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE